UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1413(DSD/TNL)

Charles Zwicky,

      Plaintiff,

v.  **ORDER**

Carlson & Associates, Ltd.,

      Defendant.

    Thomas J. Lyons, Esq. and Lyons Law Firm, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiff.

    Susan E. Gustad, Esq., Michael A. Klutho, Esq. and Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Carlson & Associates, Ltd. (Carlson). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This debt-collection dispute arises out of a plumbing repair to a rental condominium unit in December 2009. Plaintiff Charles Zwicky purchased the condominium in 1994 and lived there until he moved to New York in 2001. Thereafter, Zwicky operated the condominium as rental property. Relevant to the instant dispute, Zwicky entered into a rental agreement with a tenant on November 9,

2009.  Campbell Aff. Ex. C.  On November 30, 2009, the tenant notified property management about standing water in the kitchen sink.  Lyons Aff. Ex. 1.  The caretakers could not clear the drain and called a plumber.  Id.  The plumber billed the building's condominium association (the Association) $93.50 for the service. Id.  The Association then billed Zwicky for the repair.  Compl. ¶ 9.

Zwicky refused to pay.  After several months of contentious communication between Zwicky and the Association, the Association retained Carlson to collect the debt.  On July 9, 2010, Carlson sent Zwicky a letter requesting payment.  Compl. Ex. 1.  Zwicky eventually agreed to pay the $93.50 debt.

On May 31, 2011, Zwicky sued Carlson, claiming that the July letter violated sections 1692e(5), 1692e(10), 1692e(11), 1692e(2)(A) & (B), 1692f(1) and 1692d of the Fair Debt Collection Practices Act (FDCPA).  Carlson moves for summary judgment.

## DISCUSSION

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that

it could cause a reasonable jury to return a verdict for either party. See id. at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex v. Catrett, 477 U.S. 317, 324 (1986). Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment, because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Thus, to state a claim under the FDCPA, the debt at issue must arise for personal, not business, purposes. As this court recently noted, "[t]he inquiry revolves around the purpose for which the debt was incurred." Petsche v. EMC Mortg. Corp., No. 10-4750, 2011 WL 5549758, at *6 (D. Minn. Nov. 15, 2011) (Tunheim, J.) (citing 15 U.S.C. § 1692a(5)). "[T]he relevant time for determining the nature of

the debt is when the debt first arises."  Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 874 (7th Cir. 2000).

Zwicky argues that the debt arose in 1994, when he purchased the condominium and became a member of the Association.[1] Specifically, Zwicky argues that, under Miller, the purpose of any future debt became fixed when he purchased the condo for personal uses.  The court disagrees.  Miller concerned the original debt incurred to purchase the property for personal purposes. Id.  The owner's conversion of the property to commercial use did not change the nature of the preexisting debt.  Id. ("[T]the relevant time is when the loan is made, not when collection is attempted.").  In contrast, the present action involves a separate debt that arose years later, after the owner had converted the property to business use.[2]  In short, Zwicky incurred the debt as the landlord of his rental unit when the Association ordered the repair in his absence.  The debt first arose in 2009 and was for business purposes, not "personal, family or household purposes."  Therefore, the FDCPA does not apply, and summary judgment is warranted.

---

[1] The court notes that none of the governing documents related to the Association are part of the record.

[2] Zwicky's other cases, Sunga v. Broome, No. 09-1119, 2010 WL 3198925 (E.D. Va. Aug. 12, 2010) and Garner v. Kansas, No. 98-1274, 1999 WL 499967 (E.D. La. July 14, 1999), are also inapposite. Both cases address homeowner's association debts incurred by owners using their property as a personal residence.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for summary judgment [ECF No. 11] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 13, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
